SCHWARTZ, ALAN R., Associate Judge
(dissenting).
It seems to me that the majority misapprehends the nature of the order which is on appeal. The appellant, the husband and the executor named in the will of the decedent, filed a petition for leave to “Probate Estate Without Retaining Legal Counsel.” The petition alleged that there was no real, personal or mixed property of Mrs. Jef-fress in the State of Florida and that there were no creditors of her estate. Nonetheless, and solely on the basis of his ruling that no representative of an estate could ever, or under any circumstances, represent himself or herself without counsel, the trial judge denied the petition and declined to accept the requisite filing fees and documents proffered by Mr. Jeffress. As I understand the holding of the Supreme Court in the Falkner case, cited and relied upon by the majority, this action was erroneous. Under the allegations of the petition, which Jeffress was not given an opportunity to establish, he was the “sole interested party” in his wife’s Florida estate, and there could be no basis, therefore, for precluding his ability to serve as executor until and if other interested parties appeared. It will not do for the majority to state, on the basis of an examination of the will, that other interested parties exist in the face of an unrebutted allegation that they do not.[1]
It may perhaps be added that the Falk-ner decision which recognizes that, under some circumstances, at least, one may represent oneself in his capacity as the representative of an estate is contrary to the entire basis of the ruling below, to the holding in’ the Wisconsin Baker case cited by the majority, and to the contention advanced at oral argument by the Florida Bar that Article I, § 21, of the Florida Constitution and F.S. § 454.18, which guarantee the right to represent oneself are not applicable because a personal representative always “represents” someone else, namely, the decedent.[2] If the Supreme Court had not apparently, albeit obliquely, resolved the question to the contrary in the Falkner case, I would hold that the necessary implication of this holding is that the constitutional and statutory provisions cited would apply, across the board, to estate matters — that, in other words, there is no impediment to one’s representing one’s self in a representative capacity when, in fact, all other persons, even “interested,” are or may be themselves represented. Since, *27 however, the issue has in fact been decided by the Supreme Court, I see no need to elaborate upon the reasons for my conclusion to this effect.

. There are suggestions, for example, that the property willed to others no longer exists and thus, that those others are in fact “not interested” in the estate.

. Even before the Supreme Court so held, the writer had some difficulty in grasping the concept of one’s being a representative, for attorney-client purposes, of one who is no longer alive.